In re James V. Fulcher
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-339-CV

IN RE JAMES V. FULCHER

 

 Original Proceeding 
                                                                                                                

O P I N I O N
                                                                                                                

      Relator James V. Fulcher seeks a writ of mandamus directing the Honorable H.D. Black, Jr.,
to allow Fulcher to withdraw as counsel in a criminal case. We conclude that Fulcher is entitled
to the relief sought and conditionally grant the writ.
Background
      Fulcher was appointed to represent Jonathan McWilliams in a felony case pending in the 77th
District Court of Freestone County. On September 30, 1998, McWilliams appeared with Fulcher
in court to enter a plea of “guilty” under a plea bargain. Judge Black, the respondent in this
proceeding, ordered McWilliams to undergo a psychological evaluation for mental competency.



      On October 27, 1998, the mental health examiner’s report was presented to the court. The
report indicated that McWilliams did not feel Fulcher was working in his best interest. The report
also detailed McWilliams’ statements confessing to continuing involvement with drug dealing
despite Fulcher’s admonition that he stop. After presentment of the report, Fulcher asked to be
allowed to withdraw as McWilliams’ counsel. Respondent held a hearing on the motion and then
denied it. Fulcher brought this mandamus proceeding.


 
Evidence
      Before denying the motion, the court questioned McWilliams, who denied making the
reported statements about Fulcher. McWilliams also said he did not want Fulcher to withdraw. 
Fulcher testified in response that his differences with McWilliams could not be reconciled and that
he could not be “an adequate advocate” for McWilliams. Fulcher further testified that
McWilliams was uncooperative, which made it impossible to properly represent him. 
Mandamus Will Lie
      The Court of Criminal Appeals has established a right for counsel to withdraw upon the
determination of a conflict of interest. White v. Reiter, 640 S.W.2d 586, 597 (Tex. Crim. App.
1982). Great deference should be accorded the presentations of the attorney because he is best
qualified to know the extent of the relationship between himself and the client. Id. 
Disqualification of counsel is a proper subject of a mandamus proceeding. Wasserman v. Black,
910 S.W.2d 564, 568-69 (Tex. App.—Waco 1995, orig. proceeding). Fulcher testified that he
cannot represent McWilliams in a manner in which he is entitled. Respondent abused his
discretion in denying the motion to withdraw. Thus, we conditionally grant the relief sought
herein.
      Respondent is directed to grant Fulcher’s motion to withdraw as counsel for McWilliams. 
Confident that he will do so, the writ will issue only upon Respondent’s failure to comply with this
opinion. 
                                                                       PER CURIAM

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Relief granted
Opinion delivered and filed November 18, 1998
Do not publish



>Do
not publish